# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| CARTER RODOWICZ,<br>    *Plaintiff*, | |
| v. | No. 3:20-cv-00710 (JAM) |
| JEFFREY W. STEIN *et al.*,<br>    *Defendants*. | |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This case is one of many related to a long-running family feud over the Rodowicz family trust. The trust's sole entity, a limited partnership, owns property that is leased by a company operating a nursing home. Amidst protracted litigation between the Rodowicz siblings in a series of state court and arbitration proceedings concerning the lease and the nursing home's attempts to purchase the property, plaintiff Carter Rodowicz was removed as a trustee by the state court, and a non-family member was appointed as the trustee.

Carter Rodowicz brings this *pro se* and *in forma pauperis* lawsuit against Jeffrey W. Stein, the current trustee, for Stein's alleged actions as trustee in relation to the underlying litigation over the lease.[1] Because Carter Rodowicz's complaint centers on his mere disagreements with Stein's course of action as the trustee but does not make legally actionable allegations of a breach of fiduciary duty, I will grant Stein's motion to dismiss.

### BACKGROUND

The following facts are derived from the allegations in the amended complaint and are accepted as true only for purposes of this ruling. While Carter Rodowicz refers obliquely to several underlying proceedings, including multiple state court cases and two arbitrations, and

---

[1] Carter Rodowicz has also brought a related lawsuit pending before this Court against a law firm related to its representation in the underlying state court proceedings in which he was removed as a trustee. *See Rodowicz v. Feldman, Perlstein & Greene, LLC*, Dkt. No. 3:20-cv-00777 (JAM).

1

while Stein has argued that Carter Rodowicz's claims against him are barred by the *Rooker-Feldman* doctrine,[2] because I find that Carter Rodowicz has failed to state a plausible claim against Stein based solely on the allegations contained in the complaint, I need not delve into the intricacies of the underlying state court and arbitration proceedings.

As I noted, this case relates to a long-running dispute within the Rodowicz family. Alma Rodowicz is the mother of Carter Rodowicz and his siblings, Deborah Bernard, Joseph Rodowicz, Sr., and Stanley Rodowicz, Jr.[3]

On October 24, 2012, Alma Rodowicz signed a trust agreement creating the Alma Rodowicz Irrevocable Trust (the "Trust").[4] Carter Rodowicz and his siblings were named as qualified beneficiaries of the Trust and will receive shares of the Trust estate upon Alma Rodowicz's death.[5] Deborah Bernard and Joseph Rodowicz, Sr. were also named as the trustees in the original agreement.[6] Carter Rodowicz was later added as a trustee of the Trust via the First Amendment to the Trust on August 3, 2015.[7]

Carter Rodowicz alleges that on April 3, 2018, "as a result of misrepresentations, perjury, libelous acts/actions, slander and defamation by certain individuals," a state court removed him as a trustee of the Trust and as a manager of the Trust's sole entity, Village Manor Associates, Limited Partnership ("VMA").[8] On July 13, 2018, the state court appointed Stein—who is not a member of the Rodowicz family—as the successor trustee of the Trust and as the manager of VMA.[9] Carter Rodowicz alleges that prior to being appointed trustee, Stein "acknowledged he

---

[2] *See* Doc. #28 at 16-24.
[3] Doc. #23-1 at 17-18.
[4] *Id.* at 16.
[5] *Id.* at 17-18.
[6] *Id.* at 16.
[7] *Id.* at 1 (¶ 1).
[8] *Id.* at 2 (¶ 2).
[9] *Id.* at 2 (¶ 4).

had communications with and knew certain individual(s) that were in opposition" to Carter Rodowicz as the trustee.[10]

Carter Rodowicz asserts that, as manager of VMA, Stein was "obligated to ensure compliance with the terms, conditions and provisions" of a lease agreement between VMA and Colonial Health & Rehabilitation Center of Plainfield, LLC ("Colonial") through which Colonial leased property from VMA.[11] Stein was also required to comply with the terms, conditions, and provisions of the Trust, the Uniform Trust Code, and other applicable laws and regulations, including a list of obligations Carter Rodowicz includes in his amended complaint.[12]

Carter Rodowicz lists five different counts in his complaint, and each of these counts are essentially claims for breaches of fiduciary duty by Stein as the trustee. In Count I.I, Carter Rodowicz makes allegations concerning a lawsuit VMA had against Colonial and others. Carter Rodowicz asserts that Stein, as the trustee, was "obligated to research certain matters and/or claims that the Trust's sole entity, specifically VMA had against Colonial and others pursuant to an action filed by VMA against Colonial, the owners Curtis Rodowicz, Robert Darigan, Joseph Rodowicz, Sr., and Joseph Rodowicz, Jr."[13] According to Carter Rodowicz, this claim "could have resulted in a substantial benefit to the Trust of approximately" $1 million.[14] Instead, Stein "near immediately obtained Court approval on September 25, 2018 to drop VMA's actions against Colonial and others."[15]

Carter Rodowicz claims that Stein obtained the state court's approval "without a proper investigation of the issues and matters contained in VMA's complaint and without performing

---

[10] *Id.* at 2 (¶ 1).
[11] *Id.* at 2 (¶ 2).
[12] *Id.* at 2-4 (¶ 2).
[13] *Id.* at 5.
[14] *Ibid.*
[15] *Ibid.*

the typical research that a prudent attorney would perform prior to dismissing VMA's action against Colonial and others and testified to only very minimal research."[16] Stein never contacted VMA's counsel to request certain documents to support the suit against Colonial, nor did he obtain certain documentation "relative to communications" that were provided to Stein.[17] Stein did, however, meet with representatives of Colonial and others on at least two occasions for four hours each but never met with the managers of VMA despite being provided "extremely important information" in support of VMA's suit.[18] Carter Rodowicz alleges that Stein refused Carter Rodowicz's "offer of supplying Stein with supporting documentation and subsequently lost the Arbitration to the tune of approximately" $1.6 million and failed to obtain another $1 million in damages to VMA, $750,000 in damages to Carter Rodowicz, and $250,000 in cost of services to VMA.[19]

In Count I.II, Carter Rodowicz makes a number of allegations concerning the closing of the sale of VMA's property to Colonial. He asserts that Stein "provided an electronic transmission indicating that he believed that a closing of the sale of the VMA property to Colonial" would occur prior to the end of 2018, but that Stein was unable to timely close the sale because "Colonial was totally unreasonable" and alleged additional costs that prevented the closing.[20] Carter Rodowicz further asserts that Stein failed to require Colonial to place "disputed funds, relative to the sale, into an escrow account, to allow for an immediate sale of VMA property to Colonial," delaying the sale until March 2019.[21] According to Carter Rodowicz, this failure damaged VMA, and damaged Carter Rodowicz as a beneficiary of the trust.[22]

---

[16] *Ibid.*
[17] *Id.* at 5-6.
[18] *Id.* at 6.
[19] *Ibid.*
[20] *Id.* at 7.
[21] *Ibid.*
[22] *Ibid.*

In Count I.III, Carter Rodowicz makes allegations regarding an arbitration proceeding to resolve issues relating to the closing costs. He alleges that Colonial and Stein agreed to resolve the issue regarding closing costs through arbitration, scheduling an arbitration proceeding for January 7, 2019.[23] Carter Rodowicz disagreed with this plan, as well as Stein's proposed position at the arbitration, and instead recommended that Stein decline to participate in the arbitration, reinstate VMA's lawsuit against Colonial, and sell the VMA property to Colonial.[24] Carter Rodowicz alleges that he provided information outlining Colonial's liability and the damages sustained by VMA to Stein "so that Stein could attempt to retrieve the damages sustained by VMA as a result of Colonial's Breaches of the Lease and resulting Events of Default."[25]

Carter Rodowicz instead wanted Stein to either file a counterclaim or file an action before the American Arbitration Association to recover the damages as an offset against Colonial's claims during the arbitration proceeding.[26] Carter Rodowicz asserts that Stein was aware that Colonial had failed to cure a breach within thirty days and was therefore in default, but that Stein ignored Carter Rodowicz and failed to communicate with him about ways to protect the Trust and VMA.[27] Stein's alleged position was instead that Colonial's breaches were "minor breaches in which Stein maintained would not support Claims/Suits/Complaints against Colonial."[28] Carter Rodowicz believes that Stein was "clearly protecting Colonial" by taking this position.[29]

Carter Rodowicz also mentions a "First Arbitration" between VMA and Colonial, wherein Carter Rodowicz asserts that Stein "recklessly and foolishly withdrew the arbitration

---

[23] *Ibid.*
[24] *Id.* at 8.
[25] *Ibid.*
[26] *Ibid.*
[27] *Ibid.*
[28] *Ibid.*
[29] *Id.* at 9.

appeal, without a complete review of the matter."[30] Carter Rodowicz believes the appeal may have been successful and would have "addressed" what he terms the "Sham Arbitration."[31] According to Carter Rodowicz, Stein has "maintained that as a result of the First Arbitration, the second arbitration was lost" resulting in damage to VMA and the Trust.[32] Despite these damages "for the most part, bankrupting the Trust," Carter Rodowicz asserts that Stein "for nearly two (2) years has chosen to do nothing to retrieve those losses and/or rectify the egregious conduct" of Colonial and others, except to dismiss VMA's suit against those individuals, even though Stein deemed their conduct to be "deplorable."[33]

In Count I.IV, Carter Rodowicz asserts that Stein recommended payment of attorney's fees and expenses that "were, for the most part, the responsibility of each individual that engaged the Law Firm and/or Lawyer."[34] Carter Rodowicz claims that around October 2018, he told Stein that the attorney's fees of any individual trustee were not the Trust's responsibility and further that Carter Rodowicz, his wife, and his sister objected to any payment on Carter Rodowicz's behalf.[35] Carter Rodowicz further asserts that he disputed "any form of payment to [his] attorney as a result of our attorney's failure to fulfill their duties and obligation to" Carter Rodowicz himself.[36] Carter Rodowicz believes that Stein did not provide the state court with certain material facts, information, and documentation, and that the court approved the payment of attorney's fees—as recommended by Stein—anyway.[37]

In Count I.V, Carter Rodowicz asserts that Stein failed to provide him with a copy of

---

[30] *Ibid.*
[31] *Ibid.*
[32] *Ibid.*
[33] *Id.* at 9-10.
[34] *Id.* at 10.
[35] *Ibid.*
[36] *Ibid.*
[37] *Ibid.*

Stein's malpractice insurance, and "numerous other documentation and information requested of Trustee Stein to allow the Plaintiff to monitor the conduct of Trustee Stein."[38] Carter Rodowicz believes that Stein "is in violation of his obligations and responsibilities of ensuring his duty of loyalty, good faith, prudence and impartiality in administering the Trust and in violation of his duty to treat beneficiaries equally in all decisions regarding the management of the Trust."[39] Carter Rodowicz further alleges that Stein's actions have "financially and emotional[ly]" damaged him.[40]

Carter Rodowicz seeks compensatory damages, interest, punitive damages, costs, and injunctive relief, though he does not specify who or what he wants the Court to enjoin.[41] Defendants move to dismiss the amended complaint.[42] Despite seeking an extension of time on March 3, 2021 to file a response to the motion,[43] which the Court granted until March 19, 2021,[44] Carter Rodowicz had not filed an objection or other response to the motion to dismiss. Instead, he has only filed a response to the motion to dismiss in another pending case before the Court, *Rodowicz v. Feldman, Perlstein & Greene, LLC*, Dkt. No. 3: 20-cv-00777 (JAM). While Carter Rodowicz stated at the joint hearing held on both motions that he prepared a response in the *Stein* case and that he would file it on the appropriate docket,[45] he only again filed the same response from the *Feldman* case.[46]

## DISCUSSION

When considering a motion to dismiss under Rule 12(b)(6), a court must first accept as

---

[38] *Id.* at 12.
[39] *Ibid.*
[40] *Ibid.*
[41] *Id.* at 14.
[42] Doc. #27.
[43] Doc. #30.
[44] Doc. #31.
[45] Doc. #39.
[46] Doc. #41.

true all factual matters alleged in the complaint and draw all reasonable inferences for the plaintiff. *See Hernandez v. United States*, 939 F.3d 191, 198 (2d Cir. 2019). Apart from any conclusory recitations, a complaint must include enough facts to state plausible grounds for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although this plausibility requirement is not a probability requirement, it does demand "more than a sheer possibility that a defendant has acted unlawfully." *Ibid.*[47] The Court may also consider any documents attached as exhibits to, incorporated by reference in, or integral to the complaint, *see Sierra Club v. Con-Strux, LLC*, 911 F.3d 85, 88 (2d Cir. 2018), as well as certain public documents of which it can take judicial notice, *see Garber v. Legg Mason, Inc.*, 347 F. App'x 665, 669 (2d Cir. 2009).

If the plaintiff is proceeding *pro se*, the allegations of the complaint must be read liberally to raise the strongest arguments that they suggest. *See Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010). Notwithstanding the rule of liberal interpretation of a *pro se* complaint, a complaint may not survive dismissal if its factual allegations do not meet the basic plausibility standard. *See, e.g.*, *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (*per curiam*).

While Carter Rodowicz frames his complaint to include five different counts, each one of the counts is a claim against Stein for breach of his fiduciary duty as trustee. In Connecticut, "[f]or a breach of fiduciary duty claim to succeed, a plaintiff must meet four elements: '(1) that a fiduciary relationship existed which gave rise to … a duty of loyalty … an obligation … to act in the best interest of the plaintiff, and … an obligation … to act in good faith in any matter relating to the plaintiff; (2) that the defendant advanced his or her own interests to the detriment of the plaintiff; (3) that the plaintiff sustained damages; and (4) that the damages were proximately

---

[47] Unless otherwise indicated, this ruling omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

caused by the fiduciary's breach of his or her fiduciary duty." *Roe v. Hotchkiss Sch.*, 385 F.

Supp. 3d 165, 172 (D. Conn. 2019); *Dressler v. Riccio*, 205 Conn. App. 533, 546-47 (2021)

(same).[48]

Carter Rodowicz has failed to sufficiently plead the second element of a breach of

fiduciary duty claim, namely, that Stein advanced his own interests to the detriment of Carter

Rodowicz. In Count I.I, while Carter Rodowicz makes a number of allegations about Stein's

various failures in investigating VMA's claim against Colonial, he does not in any way allege

that Stein did so to advance his own interests. The same is true for Counts I.II and I.V.

In Count I.III, Carter Rodowicz does allege that Stein was "clearly protecting Colonial,"

and that Stein "refus[ed] to hold Colonial accountable."[49] He also alleges—in a recitation of

Stein's various duties—that Stein violated his duty to ensure that "his acts and actions were in

the TRUST beneficiaries' best interest and not in his best interest or the best interest of another

party."[50] But these allegations do not provide anything more than conclusory assertions that

Stein's actions with regard to the arbitration were taken to advance Stein's own interests.

And in Count I.IV, while Carter Rodowicz again asserts that Stein failed to ensure that

his "acts and actions were in the TRUST beneficiaries' best interest and not in his best interest or

the best interest of another party," and that Stein's actions were instead taken "to appeal to and to

benefit Stein's professional associates,"[51] these allegations are again merely conclusory. Carter

Rodowicz's complaint does not elaborate on how any of Stein's alleged actions he complains of

---

[48] I apply Connecticut law, not Florida law, to Carter Rodowicz's claim. "When a federal district court sits in diversity, it generally applies the law of the state in which it sits, including that state's choice of law rules." *In re Coudert Bros. LLP*, 673 F.3d 180, 186 (2d Cir. 2012). Because the Trust Agreement was signed and notarized in Connecticut, *see* Doc. #23-1 at 35-36, and because a Connecticut state court removed Carter Rodowicz as trustee and appointed Stein as the new trustee, *see* Doc. #28-3; Doc. #28-16, I will apply Connecticut law.
[49] Doc. #23-1 at 9.
[50] *Ibid.*
[51] *Id.* at 11.

were to the benefit of Stein himself or his "professional associates."

From my review of the documents in this action, it is clear that Carter Rodowicz is angry that he was removed as the trustee from the Trust and further that he disagrees with Stein's course of action as the court-appointed Trustee. But mere anger and disagreement are not enough to sustain a claim for breach of fiduciary duty. Without actual, non-conclusory allegations that Stein acted to advance his own interests to the detriment of Carter Rodowicz as one of the Trust's beneficiaries, Carter Rodowicz has failed to state a claim upon which relief can be granted. Accordingly, I will grant Stein's motion to dismiss.

## CONCLUSION

For the reasons set forth above, the Court GRANTS defendants' motion to dismiss (Doc. #27). Because the complaint is subject to dismissal for failure to allege facts to plausibly establish all the elements of a claim for breach of fiduciary duty, there is no need to address Stein's additional arguments for dismissal.

The Clerk of Court shall close this case. The Court's order of dismissal is without prejudice, and Carter Rodowicz may file a motion to re-open and an amended complaint by **September 1, 2021** if he has good faith grounds to file an amended complaint with allegations that are sufficient to redress the concerns stated in this ruling.

It is so ordered.

Dated at New Haven this 2nd day of August 2021.

/s/ *Jeffrey Alker Meyer*_____
Jeffrey Alker Meyer
United States District Judge